**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30182 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00137-WFN-36 |
| v. | |
| JESUS GUILLERMO BUENO-MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted June 7, 2011
Seattle, Washington

Before: REINHARDT, W. FLETCHER, and RAWLINSON, Circuit Judges.

Jesus Guillermo Bueno-Martinez (Bueno-Martinez) appeals the district

court's denial of his motion to suppress evidence seized from his car pursuant to a

consent search, following which he entered a conditional guilty plea to possession

with intent to distribute 500 grams or more of methamphetamine, in violation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

21 U.S.C. § 841(a)(1). Bueno-Martinez contends (1) that the stop of his car, while initially supported by reasonable suspicion, was unlawfully prolonged after he produced valid identification; and (2) that he was advised of his rights only in English, a language that he does not sufficiently comprehend.

1.      There was reasonable suspicion to justify the initial *Terry* stop because the officers' collective knowledge provided reasonable suspicion that Bueno-Martinez was his brother, for whom there was an outstanding arrest warrant. *See United States v. Ramirez*, 473 F.3d 1026, 1036-37 (9th Cir. 2007). Detaining Bueno-Martinez for approximately eleven minutes to conclusively determine his identity was reasonable because the officers "diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly . . ." *United States v. Torres-Sanchez,* 83 F.3d 1123, 1129 (9th Cir. 1996), *as amended* (citation omitted).

2.      The district court's underlying factual finding that Bueno-Martinez voluntarily consented to the search of his car was not clearly erroneous. *See United States v. Pang*, 362 F.3d 1187, 1191 (9th Cir. 2004). Bueno-Martinez was not restrained, the atmosphere of the stop was relaxed, no weapons were drawn, the

agents informed Bueno-Martinez of his right to refuse consent, and the agents did not threaten him with obtaining a search warrant if he did not consent. *See United States v. Chan-Jimenez*, 125 F.3d 1324, 1327 (9th Cir. 1997).

"To the extent that reasonable minds could differ" regarding whether Bueno-Martinez was sufficiently proficient in the English language to voluntarily consent in that language "we cannot reverse the finding of the district court here under clear error review." *United States v. Patayan Soriano*, 361 F.3d 494, 503 (9th Cir. 2004), *as amended* (citation omitted); *see also United States v. Kaplan*, 895 F.2d 618, 622 (9th Cir. 1990) (noting that "evidence regarding the question of consent must be viewed in the light most favorable to the fact-finder's decision") (citation omitted).

**AFFIRMED.**